**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor, | : : : : |
| Plaintiff, | : : |
| v. | : : : |
| **SHIRLEY T. SHERROD; LEROY JOHNSON;** and **SHIRLEY T. SHERROD, M.D., P.C. TARGET PENSION PLAN**, | : : : : : |
| Defendants. | : |

CIVIL ACTION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**COMPLAINT**

Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor ("Secretary"), alleges:

1. This case arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, et seq., and is brought by the Secretary under ERISA §§ 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain such further equitable relief as may be appropriate to redress violations and to enforce the provisions of Title I of ERISA.

## JURISDICTION AND VENUE

2. Shirley T. Sherrod, MD., P.C. ("Sherrod PC") sponsored the Shirley T. Sherrod, M.D., P.C. Target Pension Plan ("Plan") and established the Plan in 1987 to provide retirement benefits to the participants in the Plan.

3. The Plan is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), and subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

4. This court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

5. Venue of this action lies in the Northern District of Illinois, pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan is administered in Waukegan, Lake County, Illinois, within this district.

## DEFENDANTS

6. The Plan is named as a defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

7. Defendant Shirley T. Sherrod ("Sherrod") has been the named trustee of the Plan since January 1987, and a fiduciary to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

8. Leroy Johnson ("Johnson") has been the plan administrator from at least May 30, 2012 to the present, exercised discretionary authority respecting the management of the Plan, and is a fiduciary to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

## ALLEGATIONS

9. Paragraphs 1 through 8 above are hereby re-alleged and incorporated herein.

10. Sherrod PC ceased business operations in 2008.

11. When Sherrod PC ceased business operations, all employees were terminated on or before December 31, 2008. At that time, at least ten (10) participants had account balances at or below $5,000 and eight (8) participants had balances over $5,000.

12. The Plan document requires that participants, with account balances less than $5,000 at the time of the termination of their employment, must receive distributions as soon as administratively feasible after their termination. For participants with account balances over $5,000, the Plan requires that they be presented with the option for an elective distribution after their termination.

13. The Plan requires that the Plan administrator direct the trustee to make all required and elective distributions.

14. On May 30, 2012, Defendant Sherrod appointed Defendant Johnson to be the Plan's administrator. Before this time, Sherrod served as both the Plan's trustee and the Plan administrator.

15. Since at least May 30, 2012, no participants have received distributions from the Plan except for Defendant Sherrod.

16. Defendant Sherrod processed her own request for a Plan distribution and withdrew $253,114 from the Plan on or about November 10, 2011.

17. On or around September 27, 2012, the $253,114 was accounted for incorrectly because the chosen methodology caused all of the participants' vested benefits to be decreased, and a proper accounting should have allocated this amount solely from Defendant Sherrod's individual participant account.

18. During 2012, Defendant Johnson pursued an unsuccessful action in the Northern District of Illinois on behalf of the Plan seeking to lift a state court order that froze the plan assets in an effort to make distributions to Sherrod. The state court action was against Sherrod, and the stay was later lifted in 2013.

19. For each of the Plan's Form 5500s for 2012, 2013, and 2014, Johnson either filed or caused them to be filed and signed as the Plan's administrator.

20. On or about July 16, 2013, Defendant Sherrod withdrew $50,000 from the Plan.

21. The $50,000 has not been accounted for properly in the Plan's records and should be allocated solely from Defendant Sherrod's individual participant account.

22. For Plan Year 2014, January 1, 2014 to December 31, 2014, the Plan's bank account statements show that the only withdrawals from the Plan were distributions made to Defendant Sherrod that totaled approximately $296,000.

23. On the Plan's Form 5500 for Plan Year 2014, the Plan reported $142,000 in administrative expenses and $57,000 in distributions, for a total of $199,000 in withdrawals or deductions from the Plan's account.

24. The Plan incorrectly identified $142,000 in administrative expenses and $57,000 in distributions and should have accounted for $296,000 in distributions and no administrative expenses in the Plan's records and allocated the $296,000 in distributions solely from Defendant Sherrod's individual participant account for Plan Year 2014.

25. From January 1, 2015 to the present, Defendant Sherrod continues to withdraw funds from the Plan and Defendants Sherrod and Johnson fail to account for these distributions properly.

26. The Plan requires the Plan Administrator to keep all records and books of account to administer the plan properly and to direct the trustee to make required and elective distributions. The Plan further requires the Plan Administrator to supply all Plan records to the Department of Labor and supply all information and reports as required by law.

27. From May 30, 2012 to the present Defendant Johnson failed to perform his duties as stated in paragraph 26.

28. The Plan requires the trustee to furnish annual reports to the Plan administrator that show the Plan's gains and losses, increases and decreases in the value of the Trust Fund, and all payments and distributions from the Plan. The trustee is also required to make distributions only as directed by the Plan administrator.

29. From May 30, 2012 to the present, Defendant Sherrod failed to perform her duties as stated in paragraph 28.

30. By the failures to act as described in paragraphs 28 and 29 from May 30, 2012, to the present, Defendant Sherrod:

    (a) failed to discharge her duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

    (b) failed to act with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B); and

5

(c) failed to discharge her duties with respect to a plan solely in the interest of the participants and beneficiaries and in accordance with the Plan documents in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).

31. By the actions and failures to act as described in paragraphs 16, 17, and 21 through 27 from May 30, 2012, to the present, Defendant Johnson:

(a) failed to discharge his duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

(b) failed to act with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B); and

(c) failed to discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and in accordance with the Plan documents in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).

32. Pursuant to ERISA § 405(a)(1) through (3), 29 U.S.C. § 1105(a)(1) through (3), after May 30, 2012, to the present, Defendant Sherrod is liable for the breaches of her co-fiduciary as described above because she knowingly participated in or concealed an act or omission of her co-fiduciary, knowing that such act or omission was a breach; she enabled her co-fiduciary to commit a breach by breaching her own fiduciary duties under ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1); and she had knowledge of a fiduciary breach by her co-fiduciary and did not make reasonable efforts under the circumstances to remedy it.

**PRAYER FOR RELIEF**

WHEREFORE, the Secretary prays for a Judgment:

 A. Permanently enjoining Defendants from violating the provisions of Title I of ERISA;

 B. Permanently enjoining Defendants from serving as a fiduciary or service provider to any ERISA-covered plan;

 C. Removing Defendants from any fiduciary or service provider positions they may now have in connection with the Plan;

 D. Appointing an Independent Fiduciary to administer the Plan prudently, including conducting an accounting to determine the correct value of each participant's account; issue distributions; and terminate the Plan;

 E. Requiring Defendants Sherrod and Johnson to pay for all fees and expenses related to the services performed by the Independent Fiduciary;

 F. Amending the Plan to permit the setoff of Defendant Sherrod's Plan account for all fees and expenses related to the services performed by the Independent Fiduciary as authorized by Section 1502(a) of the Taxpayer Relief Act of 1997, Pub. L. no. 105-34, Section 1502(a), 111 Stat. 788, 1058-59 (1997) (codified at 29 U.S.C. § 10569(d)(4)).

 G. Requiring the Plan to set-off the individual Plan account of Defendant Sherrod for all fees and expenses related to the services performed by the Independent Fiduciary, as authorized by Section 1502(a) of the Taxpayer Relief Act of 1997, Pub. L. no. 105-34, Section 1502(a), 111 Stat. 788, 1058-59 (1997) (codified at 29 U.S.C. § 10569(d)(4)), if the fees and expenses are not otherwise paid by Defendant Sherrod or Defendant Johnson;

H. Awarding the Secretary the costs of this action; and

I. Ordering such further relief as is appropriate and just.

        Respectfully submitted,

        For the Secretary:

        M. PATRICIA SMITH
        Solicitor of Labor

        CHRISTINE Z. HERI
        Regional Solicitor

Dated: April 29, 2016        s/Bruce C. Canetti
        BRUCE C. CANETTI
        Trial Attorney
        Office of the Solicitor
        U.S. Department of Labor
        230 S. Dearborn St., Rm 844
        Chicago, Illinois 60604
        (312) 353-3271; canetti.bruce@dol.gov

        Attorneys for Plaintiff