UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| **MILTON AL STEWART**, Acting Secretary of Labor, United States Department of Labor, : : : : | |
| Plaintiff, : | |
| v. : | Case No. 1:16-cv-04825 |
| **SHIRLEY T. SHERROD**, *et al.*, : : | Honorable Andrea R. Wood |
| Defendants. : : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### ACTING SECRETARY OF LABOR'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR SANCTIONS CONCERNING CERTAIN EXHIBITS FILED IN SUPPORT OF DEFENDANTS JOHNSON AND SHERROD'S RESPONSE BRIEFS

Milton Al Stewart, Acting Secretary of Labor, United States Department of Labor, ("Secretary")[1] submits this brief in support of his *Motion for Sanctions Concerning Certain Exhibits Filed in Support of Defendants Johnson and Sherrod's Response Briefs* consistent with Federal Rules of Civil Procedure ("Fed.R.Civ.P.") 37. For the reasons set forth in the Secretary's Motion and in this memorandum the Secretary requests the Court strike Johnson Exhibits 3, 4, 5, 8, 9, 12, 14, 15, 16, 17, 18, 19, 22, 23, 24, 25, and Sherrod Exhibits A, B, and C, preclude the Defendants from using these documents throughout the entirety of this litigation, award the Secretary costs for having to bring this motion, and order such other relief as the Court finds just.

---

[1] This action has the name of Eugene Scalia, Secretary of the U.S. Department of Labor. Mr. Scalia is now the former Secretary of Labor and Milton Al Stewart is now the Acting Secretary. Therefore, Mr. Stewart is being automatically substituted for Mr. Scalia, pursuant to Fed.R.Civ.P. 25(d), and the caption of this action is amended accordingly.

1

I.  **STATEMENT OF FACTS**

Over a year after discovery closed and eight months after the Secretary filed his Motion for Summary Judgment, the Defendants submitted documents in support of their response briefs, from 2015, 2016, and 2017, that were never turned over in discovery. The Secretary served written discovery on the Defendants, and the Defendants never provided responses that addressed the money paid to Sherrod in 2015, 2016, and 2017. To address the Defendants' deficient discovery responses, the Secretary first filed a Motion to Compel on March 3, 2017. ECF No. 36. The Court granted this Motion and ordered the Defendants to "respond fully" to the Secretary's interrogatories. ECF No. 40. The Defendants provided inadequate amended responses. Exh. E and F. In addition, the Defendants failed to provide responsive documents. In pertinent part, the interrogatories sought (the interrogatories to each defendant are the same):

> Interrogatory No. 7:
> Describe the use of any Plan assets from January 1, 2011, to present and identify all parties that received Plan assets during this time, including every amount paid, the date paid for each amount, to whom payment was made, who authorized the payment on behalf of the Plan, and why the payment was reasonable and necessary for the Plan.
>
> Interrogatory No. 8
> Identify any party that gave you advice concerning the Plan, including distributions to participants and any use of Plan assets, and describe and explain the advice received.
>
> Interrogatory No. 13
> Identify all contracts between the Plan and any service providers (this includes any lawyers and law firms), identify each service provider, describe the reason and circumstances for the Plan's engagement of each of these service providers, describe the duties performed by each service provider, and identify your point of contact with each service provider, from January 1, 2011 to present.

In pertinent part, the document requests sought (the requests to each defendant are the same):

> No. 3: All documents, including, but not limited to emails, letters, checks, meeting notes or minutes, personal/business notes, transcriptions of oral

>communications, plan documents, plan statements, or participant statements, related to the Plan for the time period from January 1, 2011 to present
>
>No. 5: All contracts, including attachments and amendments, between the Plan and any service provider from January 1, 2011 to present.
>
>No. 6: All communications from and to each service provider of the Plan from May 30, 2012 to present.
>
>No. 8: All documents related to payments from the plan for plan expenses, including invoices and checks.

Although the Defendants provided amended responses, there is no dispute the Defendants did not provide responses or documents related to the money paid to Sherrod, allegedly for expenses, occurring in 2015, 2016, or 2017 in response to the Secretary's written discovery requests or the court's order  Exhs. E, F, G, and H.

On April 18, 2017, the Secretary sent a letter to Defendants once again addressing the deficiencies in their responses.  The letter identified several deficiencies with the responses, notably:

>In Interrogatory No. 7, it requests that the defendants identify all parties that received Plan assets, every amount paid, the date payment was made, to whom payment was made, who authorized the payment, and why the payment was reasonable and necessary for the Plan.  However, defendants' response merely states that $193,905 was paid to defendant Sherrod for attorneys' fees and expenses.  The details for every bill paid, including amounts, the names of the service providers, and the work performed for the plan must be provided.

Exhibit I.

Due to the withdrawal of their attorneys, Defendants' delays in finding new counsel and the new counsel's delay in responding to the Secretary on the discovery issues, as of December 2017 the Defendants' had failed to fully comply with the Court's order a ECF No. 40.  On December 5, 2017, the Defendants filed motions to "bar discovery" related to the transactions occurring in 2015, 2016, and 2017.  ECF Nos. 74-77.  In the motion, the Defendants admitted the

3

Secretary alleged in the complaint the violations were continuing, however, the Defendants argued the Secretary failed to make "specific allegations" regarding 2015, 2016, and 2017.

The Court held a hearing on the motion on December 12, 2017, and at the hearing, the Secretary argued the Complaint alleged the violations were continuing, and therefore, it was proper to get discovery on transactions occurring in 2015, 2016, and 2017. ECF No. 227. The Court summarily denied the Defendants' Motion, agreeing with the Secretary's arguments, and ordered the Defendants to "provide information pertaining to Plaintiff's discovery requests for calendar years 2015, 2016, and 2017" by January 19, 2018. ECF No. 80.

In May 2018, Defendants did produce some documents related to distributions to participants, other than Defendant Sherrod, from 2017; however they did not produce any documents related to distributions to Sherrod or any alleged use of money paid to Sherrod to pay alleged "expenses" in 2015, 2016, or 2017. On May 29, 2020, the Secretary sent a letter asking the Defendants to confirm that with the May 2018 production, related primarily to these distributions, they had produced "all responsive documents." Exh. J. On June 22, 2018, the Defendants confirmed in writing that there were no more responsive documents. Exh. K. As shown above in the discovery requests and supporting letters, the Secretary specifically sought documents related to the use of the Plan's assets from 2011 to present, including 2015, 2016, and 2017. Exhs. A-D, I-K. Defendants knew the Secretary sought this information in discovery because it filed a Motion to bar the Secretary from obtaining it from them. ECF No. 74-77.

Despite the Court's December 12, 2017 order, the Defendants failed to produce any information related to the expenses incurred by the Plan in 2015, 2016, or 2017 to the Secretary, waiting instead until they responded to the Secretary's motion for summary judgment to produce any documents related to the expenses incurred by the Plan during this time period.

4

As stated by Sherrod in her declaration, filed in support of submitting the documents in dispute marked as Sherrod Exhs. A, B, and C, these documents relate to the use of plan assets in 2015, 2016, and 2017, allegedly for "expenses." ECF. No. 212 (Sherrod Declaration) ¶¶ 4-6. These documents are directly covered by the Secretary's interrogatory and document requests, and the Court order at ECF No. 40. These documents are also directly addressed in the Court's Order at ECF No. 80. The Defendants failed to comply with these two Court orders.

As stated by Johnson in his declaration, the documents at Exhs. 23-25, relate to expenses for 2015, 2016, and 2017. ECF No. 216 (Johnson Declaration) ¶¶ 12-16. These documents are directly covered by the Secretary's interrogatory and document requests, and the Court order at ECF No. 40. These documents are also directly addressed in the Court's Order at ECF No. 80. The Defendants failed to comply with these two Court orders.

Johnson also submitted additional documents, previously undisclosed, none of which are bates stamped. These various documents are alleged to relate to expenses and service providers. These documents are at Johnson Exhs. 3, 4, 5, 8, 9, 12, 14, 15, 17, 18, 19, and 22. These are the exact type of documents sought in the Secretary's discovery requests related to alleged expenses and service providers. Johnson was ordered to respond to the interrogatories, and never amended or supplemented his responses to address these new documents, as required by the Court's first order addressing the Secretary's Motion to Compel. ECF No. 40.

## II. ARGUMENT

Fed.R.Civ.P. 37(b) "provides that a court may impose various sanctions on a party or his attorney who fail to comply with a court order." *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 729 F.2d 469, 472 (7th Cir. 1984). Under Fed.R.Civ.P. 37(b), if a party fails to comply with a court order, the Court may issue sanctions that include:

5

      (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

      (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

      (iii) striking pleadings in whole or in part;

      (iv) staying further proceedings until the order is obeyed;

      (v) dismissing the action or proceeding in whole or in part;

      (vi) rendering a default judgment against the disobedient party; or

      (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

"The sanctions outlined in Rule 37 provide a district court with valuable tools for preventing the parties to a lawsuit from 'unjustifiably resisting discovery.'" *Tamari*, 729 F.2d at 472 (quoting Fed.R.Civ.P. 37 cmmt. notes). If a party fails to comply with a Court order, even if only due to negligence, sanctions are appropriate. *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642–43 (7th Cir. 2011).

      Here, the Defendants failed to comply with two Court orders directing them to respond to discovery, and the "new" documents they attempt to introduce should be stricken from the record. The Defendants were well aware the documents they submitted in support of their responsive brief were sought by the Secretary throughout this litigation. The Secretary filed a Motion to Compel, which the Court granted ordering the Defendants to provide the types of information contained in the disputed documents. The Defendants did not comply with the discovery order, instead opting to file a motion with this Court specifically seeking to bar the Secretary from obtaining these types of documents for the years in question. After oral arguments on their motion, the Defendants were ordered a second time to comply with the

Secretary's discovery requests, and the years in question 2015, 2016, and 2017, were specifically identified in the Court's order. The Defendants did not fully comply with the Court's second Order either. Now, the Defendants present documents, with no explanation, related to these years, well after the close of discovery, and after the Secretary filed his motion for summary judgment. The failure of Defendants to produce documents and supplement or amend interrogatory responses severely prejudiced the Secretary. Discovery closed over a year ago, and the Secretary filed his motion for summary judgment on February 28, 2020. The Secretary did not have the opportunity to conduct depositions related to these documents or to analyze the documents impact on the issues in the case. The Secretary is severely prejudiced by the introduction of new evidence at such a belated juncture.

As stated by Rule 37, and as supported by Seventh Circuit precedent, sanctions may and should be imposed for Defendants failure to comply with the Court's two Orders.[2] Fed.R.Civ.P. 37(b); *Tamari*, 729 F.2d at 472; *e360 Insight*, 658 F.3d at 642–43. The Defendants ignored two Court Orders on discovery and now attempt to submit evidence never produced in discovery in an effort to defeat a motion for summary judgment. This type of gamesmanship and deliberate defiance of multiple Court Orders is exactly why Rule 37 is in place. The Secretary urges the Court to strike these documents from the record, prevent the Defendants from using these documents during the entirety of the litigation, award the Secretary the costs for having to bring this motion, and provide all other relief it deems just.

---

[2] As required by Local Rule 37.2 and Fed.R.Civ.P. 37(b), the counsel for the Secretary notified the Defendants of the Secretary's motion for sanctions and conferred on this motion with counsel for Defendant Sherrod. Defendant Johnson was also notified, but did not want to meet and confer.

### III. CONCLUSION

WHEREFORE, the Secretary prays that the Court grant this motion and strike Johnson Exhibits 3, 4, 5, 8, 9, 12, 14, 15, 16, 17, 18, 19, 22, 23, 24, 25, and Sherrod Exhibits A, B, and C from the record, preclude the Defendants from using these documents throughout the entirety of this litigation, award the Secretary costs for having to bring this motion, and order such other relief as the Court finds just.

Dated: February 4, 2021

Respectfully submitted,

**ELENA S. GOLDSTEIN**
Deputy Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

/s/ Bruce C. Canetti
**BRUCE C. CANETTI**
Senior Trial Attorney

P.O. ADDRESS:
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Ste. 844
Chicago, Illinois 60604
Telephone: (312) 353-3271
Facsimile: (312) 353-5698
canetti.bruce@dol.gov
IL Reg. #: 6285867

Attorneys for MILTON AL STEWART,
Acting Secretary of Labor,
U.S. Department of Labor,
Plaintiff