IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARTIN J. WALSH, Secretary, United States Department of Labor, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | No. 16-cv-04825 |
| v. | ) ) | Judge Andrea R. Wood |
| SHIRLEY T. SHERROD, et al., | ) ) ) | |
| Defendants. | ) | |

**ORDER**

Having granted Plaintiff's motion for summary judgment and considered the parties' supplemental briefing, Plaintiff's request for injunctive and other equitable relief is granted. Enter Order Granting Injunctive and Equitable Relief. Telephonic status hearing set for 6/2/2022 is stricken. Civil case terminated. See accompanying Statement for details.

**STATEMENT**

After granting summary judgment in favor of Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), the Court permitted Defendants Shirley Sherrod and Leroy Johnson to file supplemental memoranda for the limited purpose of responding to the Secretary's request for injunctive and other equitable relief. Specifically, the Secretary requests (1) that both Defendants immediately be removed from their fiduciary roles and prevented from having any control over the Shirley T. Sherrod M.D., P.C. Target Pension Plan (the "Plan"); (2) that the Court appoint an independent fiduciary to administer and terminate the Plan ("Independent Fidcuciary"); (3) and that Defendants pay the reasonable costs incurred by the Independent Fiduciary to administer and terminate the Plan. For the reasons given below, upon consideration of the supplemented record, the Court now grants the Secretary's request for injunctive and equitable relief.

Pursuant to § 409(a) of the Employment Retirement Income Security Act of 1974 ("ERISA"), any person who is a fiduciary of a covered plan and breaches any of the responsibilities, duties, or obligations imposed upon them shall, among other things, "be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary." 29 U.S.C. § 1109(a). This provision allows "honest, but imprudent" fiduciaries to be removed from their position, even when there is no monetary loss to the plan. *Brock v. Robbins*, 830 F.2d 640, 647 (7th Cir. 1987). And more "[s]erious misconduct that violates statutory obligations is sufficient grounds for a permanent injunction" baring such persons from serving as ERISA fiduciaries again. *Beck v. Levering*, 947 F.2d 639, 641 (2d Cir. 1991); *see also Reich v. Lancaster*, 55 F.3d 1034, 1054 (5th Cir. 1995) (finding it appropriate to impose a

permanent injunction prohibiting defendants from serving as fiduciaries to any ERISA-covered plan where the defendants "had committed significant violations of their ERISA fiduciary duties"). Courts in this District consistently find that fiduciaries who violate ERISA and breach their fiduciary duties should be permanently barred from acting as fiduciaries when the conduct rises above a mere mistake. *See, e.g.*, *Perez v. Wallis*, 77 F. Supp. 3d 730, 750 (N.D. Ill. 2014) (imposing a permanent injunction where the defendants' "conduct [did] not amount to an isolated mistake, but rather to a series of purposeful decisions that were made over a period of months"); *Chao v. Linder*, No. 05 C 3812, 2007 WL 1655254, at *12–13, 15 (granting a permanent injunction barring the defendants from serving as fiduciaries of or service providers to any ERISA-covered plan after finding that the defendants repeatedly violated ERISA by engaging in self-dealing transactions).

Here, the Court has found that Defendants engaged in repeated and continued misuse of Plan assets. In particular, the Court found that Defendants failed to maintain records in accordance with Plan documents, in violation of ERISA § 404(a)(1)(D); that Dr. Sherrod's use of Plan funds to post a bond in Michigan state court proceedings violated ERISA §§ 404(a)(1)(A) and (B); and that Defendants breached their duties of loyalty and due care, and their duty to follow Plan documents, by distributing from Plan assets payments to Dr. Sherrod from 2013 to 2017 totaling hundreds of thousands of dollars. These violations, which took place over several years, justify the removal of both Defendants from positions of trust with the Plan and the imposition of a permanent injunction.

Neither Dr. Sherrod nor Johnson disputes the Secretary's right to pursue such relief. While Dr. Sherrod suggests that she should be permitted to remain as trustee of the Plan conditioned on her enrollment in a Voluntary Fiduciary Correction Program or a similar program, she does not provide any explanation as to why such alternative relief is appropriate. Similarly, in opposing the requested relief, Johnson primarily takes issue with the Court's findings regarding liability in awarding summary judgment—for example, he contends that he did, in fact, properly rely on the advice of others to manage the Plan and that he should not be liable for the use of Plan assets for the posting of the bond because he was not yet Plan administrator at the time. But for the reasons stated in the Court's Memorandum and Opinion dated March 31, 2022, the Court has already found that the Secretary is entitled to judgment against Johnson as a matter of law with respect to the charged ERISA violations.[1]

Johnson also maintains that a permanent injunction against him is unnecessary because he is unlikely to work with Dr. Sherrod as a fiduciary for another plan. But the cases Johnson cites in support of his position do not support that it would be permissible for him to act as a fiduciary for another ERISA plan simply because he would not be involved in managing that plan with his co-defendant.[2] And although Johnson would narrowly define his violative conduct as tied to Dr.

---

[1] Moreover, the Court notes that, even if Johnson was not the Plan administrator at the time the bond was distributed, his failure to properly maintain Plan records and supervise the improper distribution of hundreds of thousands of dollars to Dr. Sherrod from 2013 to 2017 would justify the requested relief.

[2] Johnson first cites *Ramos v. Banner Health*, where the Tenth Circuit found that the district court was not arbitrary or manifestly unreasonable in denying injunctive relief that sought to require the breaching fiduciary to take specific action to test the market for certain services because it found that there was no

Sherrod, courts "reject the argument that ERISA fiduciaries and their associates must be allowed to loot a second pension plan before an injunction may be issued." *Beck*, 947 F.2d at 641. Accordingly, the Court finds that removal of Defendants as fiduciaries of the Plan and a permanent injunction preventing them from serving as such for any other ERISA-covered plan is warranted in this case.

In addition, because Defendants will be removed as fiduciaries of the Plan, the Secretary seeks appointment of an Independent Fiduciary. Specifically, the Secretary requests that the Court appoint an Independent Fiduciary to perform a proper accounting and determination of the Plan participants' retirement benefits in accordance with ERISA and the Plan documents, to make distributions, and to terminate the Plan. Additionally, the Secretary asks either that Defendants be ordered to pay immediately the costs of the Independent Fiduciary or that the reasonable expenses of the Independent Fiduciary come from Dr. Sherrod's account in the Plan. According to the Secretary, innocent Plan participants should not be burdened with the cost of rectifying Defendants' wrongs in managing the Plan.

In response, Dr. Sherrod argues that the Court should not terminate the Plan, so as to protect her own retirement funds. As a result of litigation in Michigan state court where Dr. Sherrod was a defendant, she is currently subject to a substantial monetary judgment and the plaintiff in that litigation has indicated that he intends to attach any distribution of Dr. Sherrod's Plan assets to satisfy that judgment. According to Dr. Sherrod, termination of the Plan would therefore be contrary to one of ERISA's fundamental goals: the protection of participants' retirement assets. *See, e.g.*, *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 310 (7th Cir. 1985). But Dr. Sherrod neglects to consider the interest of other Plan participants—participants who are entitled to their own benefits, which they will receive upon termination of the Plan. The mere fact that termination of the Plan may adversely affect Dr. Sherrod is not enough to justify maintaining the status quo, particularly in light of Dr. Sherrod's repeated breaches of her fiduciary duties to the detriment of other Plan participants.

---

evidence the breaching activity would continue. 1 F.4th 769, 784–85 (10th Cir. 2021). But *Ramos* is inapposite. There, the plaintiffs sought to force the defendant, who remained as the fiduciary, to take certain actions with regards to the plan. Here, however, the Secretary seeks to prevent Johnson, who the Court found repeatedly breached his fiduciary duties over a period of years by failing to monitor Dr. Sherrod, from assuming a position in which he could repeat the same action.

Similarly, Johnson cites *Reich v. Hall Holding Co.* for the proposition that injunctive relief is not appropriate where the defendants did not "breach[] their fiduciary duties with the intent of personal gain." 60 F. Supp. 2d 755, 765 (N.D. Ohio 1999). But the district court in *Reich* explicitly acknowledged that courts "may enter an injunction absent a finding of such intent or even absent loss to the plan." *Id.* Moreover, the *Reich* court explicitly noted that the conduct at issue was not as egregious as other cases in which a permanent injunction had been granted, such as cases where, as happened here, the defendants engaged in self-dealing transactions over a period of years. *Id.* And finally, even if Johnson did not directly benefit from his breaches of his fiduciary duty, he enabled the personal gain of his co-fiduciary, Dr. Sherrod, who undoubtedly directly benefited from the disbursement of hundreds of thousands of dollars from the Plan.

Thus, for the reasons discussed above, the Court grants the Secretary's request for injunctive relief.

Dated: June 2, 2022

Andrea R. Wood
United States District Judge

4