**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARTIN J. WALSH, Secretary of Labor, | ) | |
| United States Department of Labor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 16-cv-04825 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| SHIRLEY T. SHERROD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**FINAL JUDGEMENT AND ORDER
GRANTING INJUNCTIVE AND EQUITABLE RELIEF**

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), moved this Court for Summary Judgment and the Court granted the motion. (Dkt. No. 264.) The Court permitted Defendants to file a supplemental memorandum for the limited purpose of responding to the Secretary's request for injunctive and other equitable relief. Having reviewed and considered those supplemental briefs, as well as the entirety of the summary judgment record, the Court grants the Secretary's request for injunctive and other equitable, and so IT IS HEREBY ORDERED:

1)  The Court enters Final Judgment in favor of Plaintiff Secretary and against Defendants Shirley T. Sherrod and Leroy Johnson .

2)  Defendants Shirley T. Sherrod and Leroy Johnson are removed as fiduciaries of the Shirley T. Sherrod M.D., P.C. Target Pension Plan ("Plan"), including from their positions as Plan Administrator and Trustee, and are permanently enjoined from serving or acting as fiduciaries or service providers with respect to any employee benefit plans subject to Employment Retirement Income Security Act of 1974.

3) AMI Benefit Plan Administrators, Inc.,100 Terra Bella Dr., Youngstown, OH 44505),

("Independent Fiduciary") is immediately appointed as the Plan's independent fiduciary

for purposes of terminating the Plan and issuing distributions; and all fees and reasonable

expenses of the Independent Fiduciary shall be paid by the Defendants. If the Defendants

fail to pay in advance the fees of the Independent Fiduciary, the Independent Fiduciary

may deduct its fees and reasonable expenses from Defendant Sherrod's Plan account

before distribution. The Independent Fiduciary shall have the following powers, duties,

and responsibilities:

    a.  The Independent Fiduciary shall have responsibility and authority to collect,

liquidate, and manage such assets of the Plan for the benefit of the eligible

participants and beneficiaries for the Plan who are entitled to receive such assets,

until such time that the assets of the Plan are distributed to the eligible participants

and beneficiaries of the Plan;

    b.  The Independent Fiduciary shall exercise reasonable care and diligence to identify

and locate all participants and beneficiaries of the Plan, including any who left the

Plan, and who are eligible to receive a payment under the terms of the Summary

Judgment and this Order and to disburse to each such eligible participant or

beneficiary the payment to which he or she is entitled;

    c.  The Independent Fiduciary shall have full access to all data, information and

calculations in the Plan's possession or under its control, including that

information contained in the records of the Plan's custodial trustees and other

service providers, bearing on the distribution of benefit payments, participant

account balances and current plan assets;

d. The Independent Fiduciary may retain such persons and firms including, but not limited to, accountants and attorneys, as may be reasonably required to perform his duties hereunder;

e. For the services performed pursuant to this Order, the Independent Fiduciary shall receive compensation not to exceed $12,000 for fees and expenses reasonably and necessarily incurred to:

    i. Provide custodial and participant tax reporting;

    ii. Conduct communications with participants;

    iii. Terminate the Plan;

    iv. Review and allocate appropriately all previous distributions and transactions for the Plan consistent with the findings in this Court's Order at Docket No. 264; this expressly includes the bond payment in 2011 and all checks written to or transfers to Sherrod and Sherrod's attorneys, and all other payments or withdrawals from the Plan that were not paid directly to a participant (who was not Sherrod) in the Plan from 2013 to present, being considered payments to Sherrod;

    v. File amended Form 5500s from 2011 to present as needed and to file a final Form 5500;

    vi. Complete the distribution of assets to participants;

    vii. Prepare a final report to the U.S. Department of Labor; and

    viii. Create updated valuations for plan years 2011 to present as needed.

f. Within 30 days of any reallocation or distribution of the Plan's assets, the

3

independent fiduciary shall provide the Regional Director of the U.S. Department of Labor, Employee Benefits Security Administration ("EBSA"), at 1885 Dixie Highway, Suite 210, Ft. Wright, KY 41011, with a report identifying the distributions made by the Plan since the independent fiduciary's appointment.

g.  The independent fiduciary's appointment shall terminate upon the first to occur of: 1) removal by the Court; 2) its resignation after finding an acceptable replacement, agreed to by all parties or the Court, providing notice to all parties to this matter, and approval by the Court to have the replacement independent fiduciary appointed; or 3) the liquidation and distribution of the Plan's assets and the completion of all related tasks.

Dated: June 2, 2022

_____
Andrea R. Wood
United States District Judge

4